**PUBLIC SERVICE CORPORATION v. RAILROAD COMMISSION.**

No. 9750.

Court of Civil Appeals of Texas. Austin.

Nov. 10, 1948.

Simon & Simon, of Fort Worth, for appellant.

Sanders, Scott, Saunders & Smith and C. J. Humphrey, all of Amarillo, for Intervenors, Claude Simmons and others.

John C. Phillips, Chief Examiner, Gas Utilities Division, Railroad Commission of Texas, of Austin, and Price Daniel, Atty. Gen., of Texas, and Elton M. Hyder, Jr., Asst. Atty. Gen., of Austin, for Railroad Commission of Texas.

GRAY, Justice.

This is an appeal from a judgment of the District Court sustaining an order of the Railroad Commission. The facts involved are:

On May 11, 1928, the City of Miami, Texas, granted named persons a franchise to furnish natural gas to the residents of said City for a period of 20 years. The holders of said franchise then made an agreement with Mobeetie Gas Company, whereby said gas company agreed to furnish gas to the franchise holders at the corporate limits of Miami for the franchise period. Miami Gas Company acquired the franchise and appellant (Public Service Corporation of Texas) has acquired the properties of Mobeetie Gas Company and assumed the obligation to furnish natural gas to Miami Gas Company at the corporate limits of Miami.

The Mobeetie Gas Company and appellant, at different times, have made contracts

with rural users along the gas transmission lines, now owned by appellant, whereby such rural users were furnished gas. In each instance such contracts provide either party to the contract may terminate the same after five days written notice to the other party of such intention to terminate. There are now 37 or more rural users along appellant's gas transmission line. These users filed pleas of intervention in the trial court.

On June 18, 1947, appellant, by letter, advised Miami Gas Company it would not furnish gas after the expiration of its contract, and on September 10, 1947, notified the rural users it would cease delivering gas to them at the expiration of its contract with the Miami Gas Company.

On September 23, 1947, appellant filed its petition with the Railroad Commission and prayed for an order authorizing it to discontinue service to the Miami Gas Company and the rural users at the expiration date of its contract with the Miami Gas Company. Upon hearing of this petition the following order was entered:

"It is ordered by the commission that the application of the Public Service Corporation for a discontinuance of service in furnishing natural gas to the City of Miami and the adjoining rural users at the expiration of the contract involved herein, is hereby denied until such time as it can reasonably be shown by the Public Service Corporation that a new source of supply of gas, and pipe for securing same, can be made available to the City of Miami within a certain designated period of time so that any doubt whatsoever as to the City of Miami's receiving adequate gas service will be removed.

"It is further ordered that this cause shall be kept open for such further orders as may be necessary, and that the gas service presently being rendered the City of Miami and the rural users being serviced by the said Public Service Corporation on their gas transmission line from Magic City to the City gate of Miami, be continued and shall not be changed except on application to, and approval by this Commission."

During the trial appellant filed its motion praying it be allowed to discontinue its suit in so far as the Miami Gas Company and the City of Miami are concerned for the reason that the issue as to the validity of the order, in so far as it denies appellant the right to discontinue service to such company and city, is now moot. In support of this motion appellant introduced in evidence the Railroad Commission's plea to the jurisdiction of the court alleging that since the date of entry of the above quoted order the City of Miami has secured a new source of supply of gas, and that there has been a material and substantial change of conditions; and also offered in evidence testimony to show that since the filing of this suit Miami Gas Company has entered into a contract with Cities Service Company to purchase gas from that company; has secured sufficient pipe to connect with said company's pipe line, and has notified appellant that after the expiration date of its contract it would no longer purchase gas from appellant.

The trial court overruled the plea to the jurisdiction, also appellant's motion, and refused to admit the offered testimony for any purpose.

No contention is made by the parties that the conditions as above stated (from the pleadings and offered testimony) are not true, but contend the right of appellant to discontinue service to the rural users is to be here determined, notwithstanding the fact that gas and pipe are available to the City of Miami and adequate gas service is now insured to that city.

It being now conceded that adequate service to the City of Miami is insured, the question of service by appellant to that city is moot. The present existing rights of appellant and the rural users as determined by the order, must be measured by the terms thereof. The order simply denies appellant the right to discontinue service to the rural users until such time as gas and pipe can be made available to the City of Miami, so that adequate gas service to that city will be insured. And, further, that the present service being rendered to such rural users shall be continued and not changed except on application to the Commission.

For us to now decide the rights of these users, under the existing conditions,

would require reading something into the order that by its own terms it does not purport to do—this we cannot do. These present existing rights present issues not yet passed on by the Commission in the exercise of powers conferred on it by law, Art. 6050 et seq., Vernon's Ann.Civ.St. and its jurisdiction to do so cannot be here denied. Railroad Commission v. Wencker, 140 Tex. 527, 168 S.W.2d 625. Until such rights have been so determined, any opinion we might now render would be advisory only. This authority the courts do not possess. Teer v. McGann, Tex.Civ.App., 65 S.W.2d 362. Under such conditions the court should reverse the judgment and dismiss the cause.

For the reasons stated the judgment of the trial court is reversed and this cause is dismissed without prejudice to the rights of the parties hereto.

Reversed and cause dismissed.